Parole Violators — Credits — Good Time Parole and conditional release violators whose crimes were committed prior to August 2, 1968, should not be deprived of any "good time" credits on their penitentiary terms earned prior to their release on parole or conditional release. To do so would be an unconstitutional ex post facto application of 57 O.S. 138 [57-138] (1969). The Attorney General has had under consideration your recent letter in which you in effect ask if the implementation of certain Department of Corrections policies concerning "violators of community supervision requirements" may be barred in part by constitutional ex postfacto provisions. You enclose a copy of the Department's "Policy Statement," file no. 2100.1, on the subject of time computation procedures for violators of community supervision requirements. This Policy Statement is dated January 24, 1969, and is in accord with the guidance we give you in Opinion No. 68-378, dated January 9, 1969, construing an amendment to what is now codified as 57 O.S. 138 [57-138] (1969). That opinion was limited to construing the present meaning and application of said Section 138 and did not consider its possible ex post facto application. The ex post facto application of the amendment and its effect, however, have been specifically considered by the Oklahoma Court of Criminal Appeals in an opinion handed down since receipt of your present letter. In the second and third paragraphs of the syllabus by the court in Conn. v. Page (No. A-15,484), 40 O.B.A.J. 2379 (syllabus only), not yet reported in the Oklahoma Decisions or Pacific Reporter, the court said: "The amendment to Section 138 of Title 57, effective August 2, 1968, depriving penitentiary inmates who are returned as parole violators of any credits earned up to the date of their release on parole, is applicable only to those inmates whose crime was committed after the effective date of the amendment, and all parole violators whose crime was committed prior to August 2, 1968, shall retain the credits earned up to the date of their reease on parole." It is to be noted that the above holding of the court relates only to parole violators. However, as previously stated in the aforesaid Opinion No. 68-378, we are of the opinion that the courts would treat conditional release violators in the same manner as parole violators. The only other persons your Policy Statement consider as under "community supervision" are those on probation and the said Section 138 has no application to them in any event. In summary and conclusion then, it is the opinion of the Attorney General that parole and conditional release violators whose crimes were committed prior to August 2, 1968, should not be deprived of any "good time credits" on their penitentiary terms earned prior to their release on parole or conditional release. To do so would be an unconstitutional ex post facto application of 57 O.S. 138 [57-138] (1969). This opinion, of course, leaves unaffected the application of said statute and/or your policies as to parole and conditional release violators whose crimes were committed subsequent to August 2, 1968. (Hugh H. Collum)